NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1264


DANIEL PRINCE, ET UX.

VERSUS

LHCG XII, LLC, ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 115124-D
HONORABLE JAMES D. MCCLELLAND, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.


AFFIRMED.

Nicholas Gachassin, Jr.
Gary J. Delahoussaye
Gachassin Law Firm
P. O. Box 80369
Lafayette, LA 70598-0369
(337) 235-4576
COUNSEL FOR DEFENDANT-APPELLEE:
    LHCG XII, LLC d/b/a Iberia Extended Care Hospital

**Scott Anthony Dartez**
**Perrin, Landry, deLaunay, Dartez & Ouellet**
**P. O. Box 53597**
**Lafayette, LA 70505**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **Daniel Prince**
    **Martha Prince**

**PICKETT, Judge.**

Daniel Prince and Martha Prince appeal the trial court's judgment partially granting LHCG XII, L.L.C, d/b/a Iberia Extended Care Hospital's (Iberia Extended Care) motion for summary judgment.

## STATEMENT OF THE CASE

Daniel Prince was a patient at Iberia Extended Care on October 16, 2008. Iberia Extended Care is a privately-owned rehabilitation hospital that leases space in Iberia Medical Center. On the morning of October 16, while Mr. Prince was sitting on the toilet in Room 350, the wall-mounted toilet broke. The fall caused injuries to Mr. Prince. Mr. Prince sued Iberia Extended Care.

Iberia Extended Care filed a motion for summary judgment. Iberia Extended Care argued that pursuant to the terms of its lease with Iberia Medical Center, Iberia Medical Center had custody of the toilet at the time of the accident, and that Iberia Extended Care did not know or could not have reasonably known that the toilet presented a defective condition.

Following arguments, the trial court partially granted the motion for summary judgment. It found that the under the terms of the lease, Iberia Extended Care did not have custody of the toilet, and that Iberia Extended Care did not have actual or constructive knowledge of a defect in the toilet. Therefore, the trial court found Iberia Extended Care free from fault for the injuries to Mr. Prince. The trial court denied the motion for summary judgment in part, finding that the lease presented a genuine issue of material fact regarding whether Iberia Extended Care had a contractual obligation to indemnify Iberia Medical Center for the damages claimed by Mr. Prince. The judgment was certified as a final judgment as it disposed of all direct claims of Mr. Prince against Iberia Extended Care. Mr. Prince now appeals.

## ASSIGNMENTS OF ERROR

Mr. Prince asserts four assignments of error:

1. Whether Iberia Extended Care Hospital is liable for Iberia Medical Center's fault in failing to adequately inspect the toilets as the toilets were to be inspected every three months, and the last inspection was seven months prior to [Mr. Prince]'s accident[.]

2. Whether or not the numerous leaks to wall mounted toilets rise to the level of constructive notice to Iberia Extended Care Hospital because Room 350 was not inspected three months before [Mr. Prince]'s accident in compliance with its policy, giving it a reasonable opportunity to repair it[.]

3. Whether Iberia Extended Care Hospital is liable under the doctrine of res ipsa loquitur as the toilet that [Mr. Prince] used at the time of the accident should have held a weight of up to 500 pounds, yet [Mr. Prince] only weighed 360 pounds[.]

4. Whether or not the intentional discarding of the toilet at issue rises to the issue of negligent spoliation of evidence[.]

## DISCUSSION

An appellate court reviews judgments granting summary judgment *de novo*.

*Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d

226. In *Suire v. Lafayette City-Parish Consolidated Government*, 04-1459, p. 11

(La. 4/12/05), 907 So.2d 37, 48, the supreme court explained:

> Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. Code Civ. P. art. 966(B). A genuine issue exists where reasonable persons, after considering the evidence, could disagree. *Smith* [*v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94)], 639 So.2d [730]. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Id.* A fact is "material" if it is one that would matter at trial on the merits. *Id.* Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. *Id.*

The burden of proof in a motion for summary judgment is explained in La.Code

Civ.P. art. 966(C)(2):

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In the case before us, Mr. Prince's cause of action is based on La.Civ.Code arts. 2317 and 2317.1. In order to recover damages under these provisions, a plaintiff must prove: "(1) the thing was in the defendant's custody and control; (2) the thing contained a defect which presented an unreasonable risk of harm to others; and (3) the defendant knew or should have known of the defect." *Roberson v. Lafayette Oilman's Sporting Clays Shoot, Inc.*, 05-1285, p. 5 (La.App. 3 Cir. 4/12/06), 928 So.2d 703, 705-06, *writ denied*, 06-1120 (La. 9/1/06), 936 So.2d 206.

Iberia Extended Care argues that Mr. Prince has failed to show that it (1) had custody of the toilet, or (2) knew or should have known of the unreasonably dangerous condition of the toilet. Iberia Extended Care based its motion for summary judgment on the terms of its lease with Iberia Medical Center. Specifically, subsection 8(A) of the lease states:

> Repairs and Maintenance. Throughout the term of this Lease, Lessor, at its sole expense, will (1) maintain in good working order all HVAC, sprinkler systems, plumbing, electrical, sewer, security and equipment not owned by Lessee; and (2) make all necessary repairs thereto, including interior and exterior, structural and nonstructural, ordinary and extraordinary, and unforeseen and foreseen repairs. Lessee, at its sole expense, will be responsible for any repairs and maintenance of its own materials and equipment. Lessee will inform Lessor of any breakdown or equipment failure requiring repair in a timely manner. The term "repairs" shall include all necessary replacements, renewals, and/or restorations of the premises and the moveable property described in Exhibit 2. All repairs shall be at least equal in quality and class to the original work.

In addition to the deposition of Mr. Prince, the depositions of three different employees in the maintenance department of Iberia Medical Center were introduced into the record prior to the hearing on summary judgment. Each one testified that it was their practice to inspect all the rooms in the hospital, including the rooms leased by Iberia Extended Care, every three months for preventative maintenance checks. During these inspections, they each testified that the toilets were checked for leaks. If there was any leak, or if any of the bolts mounting the bolts to the wall were loose, these men testified that they would do the necessary repairs at that time. It is undisputed that according to the clear terms of the lease, Iberia Medical Center was responsible for maintaining the toilets. Iberia Extended Care even relied on Iberia Medical Center for housekeeping services.

Trent Hebert, the plant operations manager for Iberia Medical Center, testified that it was Iberia Medical Center's policy to perform preventative maintenance checks in every room in the building every three months. A computer would generate a sheet with a checklist for each room in the building. The last record of a preventative maintenance check for the room in which Mr. Prince was staying when the toilet broke was March 23, 2008, seven months before the accident. Mr. Hebert testified that the record was missing and that an inspection would have been done on that room every three months. Clint Freemin, who worked at the hospital at the time of the accident, testified during his deposition that if a computer-generated sheet was not created, the room would not have been inspected. In his first assignment of error, Mr. Prince argues that Iberia Extended Care had a duty to make sure that an inspection was performed every three months, and its failure to do so makes it liable for Mr. Prince's injuries. We disagree. Under the terms of the lease, Iberia Extended Care did have a duty to notify the

4

maintenance staff of Iberia Medical Center when leased equipment needed repairs. Iberia Extended Care did not have a duty to require Iberia Medical Center to follow its own internal policies for keeping the leased equipment in good working order, as required by the lease.

Furthermore, we are not convinced that subsection 8(B) of the lease imposes any additional duty on Iberia Extended Care in this case. After explaining the standard for adequacy of repairs, the lease provides, "Lessee shall in any event make all repairs necessary to avoid any structural damage or injury to the building." There is no evidence in this case that Iberia Extended Care knew that the toilet was in danger of failing. Mr. Prince testified that he sat on it four or five times before it broke, but that he never told anyone that the toilet was loose or ajar.

In his second assignment of error, Mr. Prince argues that numerous leaks in toilets throughout the hospital should rise to the level to put Iberia Extended Care on constructive notice that the toilet in Mr. Prince's room was in need of repair. This argument misconstrues the testimony of Mr. Hebert, Mr. Freemin, and Gary Lopez, another employee of the maintenance department of Iberia Medical Center. They testified that if there was a leak in the toilet or a bolt was loose when they did preventative maintenance checks, they would fix it. There is no evidence in this case that the toilet in the room Mr. Prince was in when the toilet broke was either leaking or that the bolts were loose. In fact, the testimony indicated that the bolts in that room were tight, and the same wall mount was used to install the new toilet. We find no merit in this assignment of error.

In his third assignment of error, Mr. Prince argues that the doctrine of *res ipsa loquitur* should be applied in this case to impose liability on Iberia Extended Care. We disagree. Mr. Prince failed to show that Iberia Extended Care had custody of the toilet, or that it should have known or reasonably known that the

toilet was in an unreasonably dangerous condition. The specifications of the toilet relative to Mr. Prince's size are not relevant here, though they may be in an action against the manufacturer of the toilet.

Mr. Prince's fourth assignment of error was not raised in the trial court. It is not appropriate for consideration for the first time on appeal. *See* Uniform Rules—Courts of Appeal, Rule 1-3.

## <u>CONCLUSION</u>

The trial court's grant of partial summary judgment is affirmed. Costs of this appeal are assessed to Daniel and Martha Prince.

**AFFIRMED.**